UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

FILED
99 JUL 19 PM 3:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

KERRY PEOPLES,           )
                         )
        Plaintiff,       )   ENTERED
                         )   JUL 19 1999
   vs.                   )   CV 99-L-0741-J
                         )
BLUE CROSS BLUE SHIELD OF )
ALABAMA; DAVID CLAYTON,  )
                         )
        Defendants.      )

## MEMORANDUM OPINION

This cause comes before the court on a motion by the plaintiff to remand this action to the Circuit Court of Marion County for lack of subject matter jurisdiction. Defendants, Blue Cross Blue Shield of Alabama ("Blue Cross") and David Clayton, removed this action to the federal district court under 28 U.S.C.§ 1441, asserting that the plaintiff's claims relate to an employee welfare benefit plan and are therefore preempted under § 502(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et. seq. ("ERISA"). The plaintiff's motion to remand contends that the plan at issue is a "church plan" within the meaning set out in 29 U.S.C. § 1002(33)(A), ERISA § 3(33)(A), and that the plan is therefore exempt from ERISA's preemption provisions. Plaintiff makes no other contention in opposition to removal jurisdiction over this case.

The court finds that the plan in question is not a "church plan" under ERISA, and that the plaintiff's claims are subject to federal jurisdiction. The court therefore denies the plaintiff's motion to remand.

I.       **Background**

The plaintiff, Kerry Peoples, is the principal of Liberty Christian Academy (the "Academy") and Assistant Pastor of First Free Will Baptist Church of Guin, Alabama (the "Church"). In August 1996, the Academy established a medical insurance plan for its employees (the "Health Plan") by purchasing a group health insurance policy from Blue Cross. The application submitted to Blue Cross (the "Group Application") to establish the Health Plan identified the "Group Applicant's Name" as "Liberty Christian Academy," and reflects that the Health Plan was established to cover four full-time active employees of the Academy. The contact person for the "Group Applicant" is identified in the Group Application as "Pastor Maddox," and the application itself is signed by Mark Maddox. In an affidavit that plaintiff has filed in support of his motion to remand, Mark Maddox states that "Liberty Christian Academy is a teaching and training ministry of First Free Will Baptist Church of Guin, Alabama." The court will assume for purposes of this opinion, and Blue Cross is willing to concede, that the Academy is no more than an operating division of the Church, having no separately incorporated existence.

The plaintiff's complaint alleges numerous state law causes of action arising from the establishment of the Health Plan and Blue Cross' administration and processing of claims under the Health Plan. All of these claims "relate to" the Health Plan within the meaning of ERISA's preemption clause, 29 U.S.C. § 1144(a), and plaintiff does not contend otherwise.

## II.     Legal Analysis

The court has read and re-read ERISA's definition of a church plan, and three things seem apparent and uncontroverted. First, the definition is exceedingly complicated; second, a school is not a church; and third, the Academy is not "an organization the principal purpose or function of which is the administration or funding" (to quote ERISA § 3(33)(C)(i), 29 U.S.C. § 1003(33)(C)(i) of the Health Plan.

Plaintiff has argued that, because the burden of establishing removal jurisdiction rests on Blue Cross, the court should broadly construe ERISA's church plan definition. ERISA is a remedial statute, and exemptions from its regulatory scope "should be confined to their narrow focus." Connolly v. P.B.G.C., 581 F.2d 729, 732 (9th Cir. 1978) (quoting S. Rep. 127, 93rd Cong., 1st Sess. 18 919730) cert. denied, 440 U.S. 935, 99 S. Ct. 1278, 59 L. Ed. 2d 492 (1979).

Blue Cross points out, correctly in the court's view, that it is not necessary for the Academy to be a separately incorporated entity in order to establish a plan governed by ERISA. ERISA § 3(1), 20 U.S.C. § 1002(i), defines an "employee

welfare benefit plan" as a plan established and maintained by an "employer." ERISA § 3(5), 29 U.S.C. § 1002(5), defines an "employer" as "any person acting directly as an employer, or indirectly in the interest of an employer in relation to an employee benefit plan...." ERISA § 3(9), 29 U.S.C. § 1002(9), in turn defines a "person" as "an individual, partnership, joint venture, corporation, mutual company, joint-stocked company, trust, estate, unincorporated organization, association, or employee organization." The court has little trouble in concluding that the Academy is, at the very least, an unincorporated organization that acted as an employer or in the interest of an employer in the establishment of the Health Plan - which is to say, the Academy's legal status under ERISA and its actions in establishing the Health Plan were sufficient to create an employee welfare benefit plan regulated by that statute.

Plaintiff has presented the court with several Department of Labor (DOL) opinion letters (see DOL Opinion Letters 85-14A, 85-32A, and 85-35A) and a reported court decision (see Humphrey v. Sisters of St. Frances Health Services, Inc. 979 F. Supp. 781 (N.D. Ind. 1997) in which it is held that employee benefit plans maintained for the benefit of the employees of tax-exempt church-affiliated hospitals qualify, in the circumstances present there, for ERISA's church plan exemption. The court has studied these authorities; has noted the facial dissimilarity between plaintiff's DOL opinion letters and an older DOL letter cited by Blue Cross involving a synagogue-affiliated school (see DOL Opinion Letter 75-29); and has also studied the Internal

Revenue Service private letter ruling that preceded, where available, the DOL's administrative determinations. The court concludes that, in each of DOL opinion letters cited by plaintiff, as well in the Humphrey case, the conclusion that the plan in question was a church plan was based upon facts that do not exist here - namely, that the plan was established and maintained by a committee of the hospital "the principal purpose or function of which is the administration or funding of a plan or program for the provision of" ERISA covered employee benefits. See ERISA § 3(33)(C)(i), 29 U.S.C. § 1003(33)(C)(i). Plaintiff has not contended, nor does the court see how such a contention could be sustained, that the Academy's principal purpose is the administration or funding of the Health Plan. The court therefore chooses to follow DOL Opinion Letter 75-29 (involving the synagogue-affiliated school), as it more closely fits the facts at hand.

Blue Cross concedes that, had the Church, rather than the Academy, established the Health Plan through the purchase of a medical policy from Blue Cross, the Health Plan would qualify for ERISA's church plan exemption. But Blue Cross correctly notes that real economic consequences flow from the contract between the Academy and Blue Cross. For example, absent some proof of fraud or bad faith by the Academy, Blue Cross' remedy for failure to pay timely premiums would be against the Academy, and not the Church. Moreover, pursuant to Rule 17(b) of the Federal Rules of Civil Procedure and Alabama Code § 6-7-81 (1975), the Academy, and not the Church, would be the real party

in interest for purposes of such a suit. Finally, it is worth noting that this may be one of those cases where form determines substance. But such cases are certainly not uncommon under the Internal Revenue Code, where fully half of ERISA and a parallel definition of "church plan" reside. For whatever reason, the Academy - and not the Church - was selected to be the organization that established the Health Plan. It is not the role of the court to question this decision or to restructure the transaction.

### III. Conclusion

For the foregoing reasons, plaintiff's motion to remand is due to be denied. A separate order will be entered.

DONE this 16th day of July 1999.

_____
SENIOR JUDGE